UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK EMERSON and MARIA EMERSON, by her guardian ad litem, FRANK EMERSON,<br><br>Plaintiffs,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>Defendant. | No. C 23-02158 WHA<br><br>**ORDER RE JOINT STIPULATED MOTION TO AMEND THE CASE SCHEDULE AND TO CONTINUE THE TRIAL DATE** |

Parties jointly stipulate and move to amend the case schedule and to continue the trial date from September 16, 2024 to March 17, 2025 (Br. 2). This is parties' fourth request to amend the schedule (Stip. ¶ 14). They promise it is their last (*id.* ¶ 16). In sum, parties propose not changing the mediation date, advancing all pretrial dates by up to 104 days, and advancing the trial dates by 182 days (including the final pretrial conference) (*see* Br. 2–3). Good cause is shown to grant parties' request, but only partway.

"A schedule may be modified" under Rule 16(b)(4) "only for good cause and with the judge's consent." "'[G]ood cause' means scheduling deadlines cannot be met despite [requesting parties'] diligence." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although . . . prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's

reasons for seeking modification." *Ibid.* Here, *both* parties move for modification, putting prejudice beyond the scope of inquiry. "If [requesting parties were] not diligent, the inquiry should end." *Ibid.* Parties in sum provide two reasons for amending the case schedule:

*First*, parties point to new evidence. When a January 2024 test of Maria Emerson showed results that surprised Prudential, parties agreed to two more Rule 35(b)(6) independent medical examinations (Stip. ¶ 1, 4). The reports from those exams were received in April and May 2024 (*id.* ¶¶ 5–6) — prompting new discovery and expert preparation impossible within the case calendar (*id.* ¶¶ 7–15). Sounds good so far.

Some of the above developments, however, were not all that new: Parties knew or should have known about the complications flowing from Mrs. Emerson's results when they previously requested to amend the case schedule. Parties' third request, for instance, came *after* the surprising test result, *after* both additional examinations, and *after* the first exam report was received (*compare id.* ¶¶ 3–6, *with id.* ¶ 14). Moreover, some of the delays purportedly flowing from those developments do not flow from them at all. "Parties and their witnesses, percipient and expert," wish to take "various summer holidays" (*id.* ¶ 13). Please do. But parties already should have planned for those summer holidays to meet the existing schedule — which, like a steer through a chute, runs straight through summer.

*Second*, parties point to Prudential's convenience: After accounting for the new discovery and other pretrial needs, "Prudential [then] offered the earliest available date for trial which does not conflict with existing trial obligations (March 17, 2025)" (Br. 2; *see also* Stip. ¶ 15). In short, after proposing a 105-day extension to pretrial dates, Prudential proposed an extra 77-day extension to the trial date. Prudential is a large insurance company. Its outside counsel, Dentons, LLP, is a large law firm with over 1,000 lawyers and professionals in the United States. That none of its diligent lawyers — not even its junior ones (*see* Dkt. No. 25 ¶ 8) — can be found to present its case any sooner strains credulity. Imprudent to swear otherwise.

*Finally*, without pointing to *any* reason: Parties propose extending various pretrial dates various amounts: all by *up to* 105 days, but some by 105 days, some by 84 days, and some by

74 days (*see* Br. 2–3). These varied extensions would result in varying the order of scheduled events. Parties provide no cause for doing so.

For all the above reasons, good cause is shown to keep the mediation date and to advance all other dates by 63 days, as follows:

| Event | Prior | Requested | ORDERED |
| --- | --- | --- | --- |
| Deadline to Mediate | July 1 | July 1 | **July 1, 2024** |
| Expert Reports: Opening | May 31 | Sept. 13 | **August 2, 2024** |
| Expert Reports: Reply | June 14 | Sept. 27 | **August 16, 2024** |
| Expert Reports: Rebuttal | June 21 | Oct. 4 | **August 23, 2024** |
| Fact Cutoff | July 1 | Sept. 13 | **September 2, 2024** |
| Expert Cutoff | July 5 | Oct. 18 | **September 6, 2024** |
| Last Day: Dispositive Motions | July 11 | Oct. 3 | **September 12, 2024** |
| Final Pretrial Conference | Sept. 4 | Mar. 5 (2025) | **November 6, 2024** |
| Trial | Sept. 16 | Mar. 17 (2025) | **November 18, 2024** |

If the new dates do not work for counsel, we will stick with the original dates.

**IT IS SO ORDERED.**

Dated: June 5, 2024.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE